UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE CALVENTE,

                                        Plaintiff,        **PRE-TRIAL ORDER**

                  -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,        15-cv-2024 (JFB)(ARL)

                                    Defendants.

---

**1.**    **Caption:**

      The full caption of the action is as set forth above.

**2.**    **Names, Addresses (including firm names), and telephone and fax numbers of trial counsel for defendant:**

      Dennis M. Brown
      Suffolk County Attorney
      by Arlene S. Zwilling, Assistant County Attorney
      P.O. Box 6100
      H. Lee Dennison Building-5th Floor
      100 Veterans Memorial Highway
      Hauppauge, NY 11788-0099
      Office Phone: 631-853-4055
      Office Fax:    631-853-5833

**3.**    **Subject Matter Jurisdiction:**

Defendant disputes that this Court has subject matter jurisdiction over this case. It is defendant's position that the complaint contains no §1983 claim, or any other federal claim and sets forth no other basis for federal jurisdiction.

4. **Defendant's Defenses**

   a)  That the complaint fails to state a claim upon which relief can be granted.

   b)  That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

   c)  That the complaint fails to set forth facts sufficient to constitute deprivation of any constitutional right or other basis for a civil rights claim.

   d)  That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

   e)  That no custom or usage adopted, followed, endorsed or ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

   f)  That this Court lacks jurisdiction as to defendant.

   g)  That this Court lacks subject matter jurisdiction.

   h)  That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

   i)  That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

   j)  That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

   k). That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

   m)  That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified federal and/or state immunity.

   n)  That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

   o)  To the extent that the Complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

p) That this inmate claim is barred by the provisions of 42 USC §1997.

**5. Statement of whether a Jury Trial is Demanded**

A jury trial is demanded by both parties. The trial is expected to last no more than 5 days.

**6. Stipulations as to Statements of Fact or Law that have been Agreed to by all Parties.**

None

**DEFENDANT'S WITNESSES**

Defendant Intends to call the following persons as witnesses:

a) Vincent Geraci
b) Robert Locastro
c) Stephen John
d) Peter Scarpinato
e) Alice Butkos
f) Leon Hazarian
g) Kim Scarpati
h) Nadine Teich
i) Wieslawa Stelzel
j) Patricia Buerkle
k) Devin Calandra
l) Jane Frith
m) Rosanne Maniscalco
n) Amy Malave
o) Laura Goodman
p) Jan Vail
q) Marian Webster
r) Kristen Cerminaro
s) Dr. Micalizzi
t) Rena Walker
u) James LaRock
v) Representative of New York State Department of Corrections and Community Service
w) Joseph Sammartino
x) Warren Thixton
y) Vincent Worthington

All witnesses will testify in person.

**7.     Designation of Deposition Testimony to Be Offered During Case In Chief**

Defendant may utilize plaintiff's deposition testimony for impeachment purposes.

**8.     Defendant's Proposed Trial Exhibits**

   a) Plaintiff's medical chart from the Suffolk County Correctional Facility.

   b) Plaintiff's medical chart from the New York State Department of Corrections and Community Service.

   c) Plaintiff's grievance file from the Suffolk County Correctional Facility.

   d) Plaintiff's inmate jacket(s) from the Suffolk County Correctional Facility.

   e) Suffolk County Correctional Facility Incident Reports relating to plaintiff.

   f) Suffolk County Correctional Facility Disciplinary Reports for plaintiff.

Dated: Hauppauge, New York
       December 22, 2016

                              Dennis M. Brown
                              Suffolk County Attorney
                              Attorney for Defendant
                              Arlene S. Zwilling
                              P.O. Box 6100
                              100 Veterans Memorial Highway
                              Hauppauge, New York 11788-0099
                              (631) 853-4049

                         By:  */s/ Arlene S. Zwilling*
                              Arlene S. Zwilling
                              Assistant County Attorney