UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE CALVENTE,

                              Plaintiff,                    **REPORT AND**
                                                                    **RECOMMENDATION**
           -against-                             CV 15-2024 (JFB)(ARL)

SUFFOLK COUNTY CORRECTIONAL FACILITY,

                              Defendant.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Bianco, is the *pro se* plaintiff's motion for summary judgment, and the defendant's opposition to that motion. For the reasons set forth below, that undersigned respectfully recommends that the motion be denied.

## BACKGROUND

      The plaintiff, Jose Calvente ("Calvente"), commenced this § 1983 action against the defendant, Suffolk County Correctional Facility ("SCCF"), on April 2, 2015. On September 2, 2015, the Court entered a Scheduling Order, which established, among other things, a deadline for Calvente to file a narrative statement. Calvente failed to do so. As a result, on April 8, 2016, the Court amended the Scheduling Order. Pursuant to the Amended Order, Calvente was directed to serve the defendant with a narrative statement of the facts he anticipated presenting at trial through the testimony of witnesses or documentary evidence before May 6, 2016. The defendant was similarly directed to serve Calvente with a written narrative of the facts that it anticipated presenting at trial by June 3, 2016. The defendant was also directed to submit a customary pretrial order by September 30, 2016.

      By letter dated June 29, 2016, Calvente advised the Court that the defendant had failed to serve him with its written narrative by June 3, 2016. Although the defendant did not respond to

the plaintiff's letter, the court permitted the defendant another opportunity to file its written narrative by August 5, 2016. The Court also extended the deadline for the plaintiff to file his revised narrative, exhibit list, witness list, and summary of each witness's testimony. In addition, the Court directed the defendant to submit the customary pretrial order by November 11, 2016.

Before the deadline to file the written narrative had passed, the defendant filed a motion seeking a Writ of Habeas Corpus Ad Testificandum to take the plaintiff's deposition and an extension of the time to file its narrative until 15 days after the plaintiff's deposition. ECF No. 33. While the motion was *sub judice*, the plaintiff filed another letter concerning the defendant's missing narrative and the motion for summary judgment now pending before the Court. In October 2016, the Court so ordered the Writ and extended the deadline for the defendant to file its written narrative and the proposed pretrial order.

## ANALYSIS

As a threshold matter, although Calvente has characterized his motion as a motion for summary judgment, the relief he is seeking is a sanction for failure to comply with the Court's April 8, 2016 order. Accordingly, the undersigned will treat the application as a motion pursuant to Fed. R. Civ. P. 37(b). Rule 37(b) of the Federal Rules of Civil Procedure allows a court to impose sanctions against a party who "fails to obey an order to provide or permit discovery .. . . " *In re Thilman*, 548 B.R. 1, 7, 8 (Bankr. E.D.N.Y. 2016)(citing Fed. R. Civ. P. 37(b)(2)(A)). Factors considered by the court in exercising its discretion to impose sanctions under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of . . . noncompliance." *Id.*

In this matter, the motion for sanctions should be denied because Calvente has not

2

sufficiently demonstrated that SCCF has failed to comply with the Court's April 8 or subsequent orders. To briefly reiterate, on August 4, 2016, one day prior to the deadline set by the Court, SCCF sought additional time to submit its narrative statement because it had not yet deposed the plaintiff. The Writ was not so ordered until October, and the defendant was given additional time to serve its narrative statement at that time. Although it appears that the defendant never served Calvente with a written narrative following his deposition, the defendant believed that the Court had only ordered the filing of the customary joint pretrial order. Moreover, at this point in the litigation, both parties have submitted their portions of the proposed pretrial order and, in doing so, have set forth all of the facts and witnesses they anticipate presenting at trial. Accordingly, even if the defendant did not strictly comply with this Court's orders, the purpose of narrative statement has been fulfilled and the defendant's conduct should not be sanctioned. Thus, the undersigned recommends that the plaintiff's motion be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. The *pro se* plaintiff must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      May 16, 2017

                                          _____/s_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge