FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 22 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE CALVENTE,

        Plaintiff,

   -against-

SUFFOLK COUNTY CORRECTIONAL
FACILITY

        Defendant.
------------------------------------------------------------X

ORDER
15-CV-02024 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R," ECF No. 51) from Magistrate Judge Lindsay recommending that the Court deny plaintiff's motion for sanctions, though plaintiff styled the motion as a motion for summary judgment (ECF No. 37). The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, at 3.) A copy of the R&R was mailed to plaintiff by certified mail on May 19, 2017. (*See* ECF No. 51.) On June 15, 2017, the Court received plaintiff's "Rebuttal to Respondent(s) Rule 37 Fed. R. Civ. P. Violation and Order of the Court" (ECF No. 52), which the Court treats as an objection to the R&R. For the reasons set forth below, the Court adopts the R&R and denies plaintiff's motion for sanctions.

### I. Background

  Plaintiff's motion for sanctions is based on defendant's alleged failure to comply with Magistrate Judge Lindsay's order to file a narrative statement of the facts it anticipated presenting at trial by June 3, 2016. (*See* ECF Nos. 24, 37.) Judge Lindsay also directed defendant to file a pretrial order by September 30, 2017. (ECF No. 24.) On June 29, 2016, plaintiff informed the

1

Court that defendant had not sent him a narrative statement. (ECF No. 29.) Judge Lindsay extended defendants' deadline to file the narrative statement until August 5, 2016 and to file the pretrial order until November 11, 2016. (ECF No. 30.) On August 4, 2016, defendant requested permission to take plaintiff's deposition and an extension of time to file its narrative statement until 15 days after the deposition. (ECF No. 33.) Judge Lindsay so ordered the request on October 25, 2016 (ECF No. 41), but, in the interim, plaintiff filed the instant motion for sanctions (ECF No. 37). Also on October 25, 2016, Judge Lindsay ordered defendant to re-serve plaintiff with a copy of its initial narrative statement, which was originally filed on December 4, 2015, and to file the pretrial order by December 9, 2016. (*See* Electronic Order dated October 25, 2016.) Defendant requested an extension of time to file the pretrial order (ECF No. 43), which Judge Lindsay granted, giving defendant until December 23, 2016 to file the order (Electronic Order dated December 13, 2016). Defendant filed its proposed pretrial order by this deadline. (ECF No. 44.)

Judge Lindsay issued the R&R on May 16, 2017, recommending that this Court deny plaintiff's motion for sanctions. (ECF No. 51.) Specifically, Judge Lindsay determined that plaintiff failed to show that defendant "failed to comply with the Court's April 8 or subsequent orders" because defendant requested an extension on August 4, 2016, the day before the revised deadline to file the narrative statement, and Judge Lindsay subsequently granted that request in October. (R&R at 3.) Judge Lindsay further found that, although defendant never served plaintiff with a narrative statement, it "believed that the Court had only ordered the filing of the customary joint pretrial order." (*Id.*) Finally, Judge Lindsay noted that, because "both parties have submitted their portions of the proposed pretrial order . . . the purpose of [the] narrative statement has been fulfilled." (*Id.*) As such, she concluded that "defendant's conduct should not be sanctioned." (*Id.*)

Plaintiff's untimely objection does not specifically challenge the reasoning of Judge Lindsay's R&R. Instead, after setting forth the standard for sanctions under Rule 37, plaintiff makes the following argument, in its entirety:

> The respondent(s) herein held in this action have failed to provide any evidence as to why summary judgment should not be entered against them for repeated violation of court order handed down to them, and it is respectfully requested that they should be sanctioned by failure to respect the court's orders, and face the penalty of financial burden precured [sic] by claimant in preparing the papers and submitting copies for which claimant has not finances to submit, and the 34 hours of research and man hours to prepare this answer.

(ECF No. 51 at 6.)

## II. Discussion

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

3

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Although plaintiff did not timely file his objections to the R&R, pursuant to the Court's December 13, 2016 Order, it has reviewed plaintiff's objections *de novo*.

Plaintiff's objection reasserts the arguments he raised in the initial motion for sanctions under Rule 37. This rule provides that a court may impose sanctions "as are just" on a party that abuses the discovery process, such as failing to comply with a court order, Fed. R. Civ. P. 37(b), or failing to attend his own deposition, Fed. R. Civ. P. 37(d). Courts possess "wide discretion" in imposing Rule 37 sanctions. *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). However, the Second Circuit has imposed two limitations upon a district court's discretion in imposing sanctions: (1) "the sanctions must be 'just[,]' " and (2) "the sanction must relate to the particular claim to which the discovery order was addressed." *Id.* at 1366 (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Moreover, the Second Circuit has emphasized that "[s]trong sanctions should be imposed only for severe violations of discovery orders," and that "[s]evere sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Id.* at 1367.

On a *de novo* review of the record, the Court concludes that sanctions are not appropriate under the circumstances of this case and, therefore, in its discretion, denies plaintiff's motion. Specifically, the Court agrees with Judge Lindsey that plaintiff has not shown that defendant failed to comply with the Court's orders. Although defendant missed the deadline to file the narrative statement set out in the April 8 order, it subsequently requested an extension to file that statement

until after plaintiff's deposition, which Judge Lindsay granted on October 25, 2016. Subsequently, Judge Lindsay granted another extension for defendant to file the pretrial order, and defendant complied with the revised deadline. Furthermore, nothing in the record suggests that defendant failed to re-serve plaintiff with a copy of its initial narrative statement, as required by the October 25, 2016 electronic order. In any event, even if defendant had failed to serve plaintiff with a narrative statement, nothing in the record suggests that such a failure was sufficiently "willful" or otherwise culpable to justify the imposition of sanctions. *See Daval Steel*, 951 F.2d at 1365. Therefore, in its discretion, the Court adopts Judge Lindsay's well-reasoned R&R in its entirety and denies plaintiff's motion for sanctions.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: June 26, 2017
Central Islip, New York